**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4324

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

TIBA SAKURI CONLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:16-cr-00403-PJM-1)

Submitted: September 29, 2022          Decided: December 9, 2022

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME III, Washington, D.C., for Appellant. Erek L. Barron, United States Attorney, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiba Sakuri Conley appeals his convictions for possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Conley asserts that the district court erred in denying his motion to suppress evidence, not permitting his mother to testify, and by not questioning whether his decision not to testify was knowingly and voluntarily made. We affirm.

In reviewing the district court's denial of Conley's motion to suppress evidence seized during the search of his home, we review the evidence in the light most favorable to the Government. *United States v. Jones*, 942 F.3d 634, 637 (4th Cir. 2019). And we review the court's decision that the search warrant was valid de novo, using the same standard employed by the district court. *Id*. at 638.

The issuing court must find, based on the affidavit and the totality of the circumstances, that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). We "afford that probable cause determination great deference, and ask only whether the judicial officer had a substantial basis for finding probable cause." *Jones*, 942 F.3d at 638 (internal quotation marks omitted). "[W]e long have held that an affidavit need not directly link the evidence sought with the place to be searched. Instead, the nexus requirement also may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Id*. at 639 (cleaned up). "[A] sufficient nexus can exist between a

2

defendant's criminal conduct and his residence even when the affidavit supporting the warrant contains no factual assertions directly linking the items sought to the defendant's residence." *United States v. Grossman*, 400 F.3d 212, 217 (4th Cir. 2005) (internal quotation marks omitted). The affidavit "need only supply enough facts for a neutral magistrate, who may make reasonable inferences to fill in any logical gaps, to find the required nexus." *United States v. Orozco*, 41 F.4th 403, 410 (4th Cir. 2022). We have upheld warrants to search suspects' residences or temporary abodes on the basis "of (1) evidence of the suspects' involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that drug traffickers store drug-related evidence in their homes." *United States v. Williams*, 548 F.3d 311, 319 (4th Cir. 2008) (rejecting contention that issuing court cannot rely on affiant's training and experience).

Here, there was evidence of Conley's significant involvement in drug trafficking combined with the applying officer's training and experience that drug traffickers store contraband in their homes. Accordingly, we conclude that there was no error in the district court's denial of the motion to suppress. Even if the search warrant were deemed invalid, we conclude that the good-faith exception to the exclusionary rule applies and there is no basis to suppress the seized evidence.

Conley challenges the district court's denial of his request to have his mother testify. We "review a trial court's rulings on the admissibility of evidence for abuse of discretion and will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted).

3

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies." *Washington v. Texas*, 388 U.S. 14, 19 (1967). "The right of the defendant to present evidence stands on no lesser footing than the other Sixth Amendment rights that we have previously held applicable to the States." *Taylor v. Illinois*, 484 U.S. 400, 409 (1988) (internal quotation marks omitted). "A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions. A defendant's interest in presenting such evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (cleaned up). The right to call witnesses "is violated when the defendant is arbitrarily deprived of testimony that would have been *relevant* and *material,* and vital to the defense." *United States v. Beyle*, 782 F.3d 159, 170 (4th Cir. 2015) (cleaned up).

    We conclude that the district court did not abuse its discretion in denying the request to hear testimony from Conley's mother. The request was not made until after the first day of trial and Conley did not give a reason why his request was late. The proposed testimony may have offered a reason why Conley possessed firearms other than to protect his drug business. But Conley could have more than one reason for possessing firearms. And the proposed testimony would open the door to additional evidence showing Conley's history of possessing firearms.

    Conley asserts that the district court had a duty to determine whether he knowingly and voluntarily waived his right to testify and that counsel was ineffective for failing to

4

move to reopen the trial. "A defendant's right to testify in his own defense is rooted in the Constitution's Due Process Clause, Compulsory Process Clause, and Fifth Amendment right against self-incrimination. Given the constitutional nature of this right, courts generally review *de novo* whether a defendant's right to testify on his own behalf was violated at trial." *United States v. Mullin*, 944 F.3d 154, 162 (4th Cir. 2019) (cleaned up).

Trial courts do not have a sua sponte duty to conduct a colloquy with the defendant to determine whether he has knowingly and voluntarily decided not to testify. *Id*. at 163. The court may have a duty to inquire if there is some indication of a conflict between the defendant and counsel about the decision to testify. But that is the exception and not the rule. *Id*. "Where the trial court has no reason to believe that the defendant's own attorney is frustrating his or her desire to testify, a trial court has no affirmative duty to advise the defendant of the right to testify or to obtain an on-the-record waiver of such right." *Id*. (internal quotation marks omitted).

We conclude that there was no error in the district court's choice not to question Conley about his decision not to testify. Conley's claim that counsel was ineffective for not moving to reopen the trial to take his testimony fares no better at this juncture. We "typically review ineffective assistance of counsel claims on collateral review" but will consider "such claims on direct review where the ineffectiveness of counsel conclusively appears in the trial record itself." *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (internal quotation marks omitted). Counsel's ineffectiveness does not conclusively appear on the face of the record.

5

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*